UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER O. PEQUENO | CIVIL ACTION |
| VERSUS | NO. 06-9492 |
| AMERICAN RELIABLE INSURANCE COMPANY<br>AND ALPHA INSURANCE L.L.C. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendant Alpha Insurance L.L.C. (Rec. Doc. No. 9). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

**I.     Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

2

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.   Analysis**

Plaintiff has sued his insurance agent, Defendant Alpha Insurance L.L.C. ("Alpha"), because his flood insurer, Defendant American Reliable Insurance Company ("American Reliable"), denied his Hurricane Katrina claim on grounds that his flood policy was not in effect at the time of the storm. Specifically, Plaintiff's flood insurance policy was in effect from June 11, 2004 until June 11, 2005. The policy expired on June 11, 2005, however, rather than simply renewing on that date, because Plaintiff did not pay the renewal premium on or before June 11, 2005, or within thirty days thereafter. Although he did subsequently pay the premium on or about August 1, 2005, which was received by American Reliable on August 9, 2005, the lapse in coverage triggered a thirty-day

waiting period that had not ended prior to Hurricane Katrina.[1] According to Alpha, Plaintiff's flood insurance coverage would have been in effect at the time of the storm if he had paid the premium on or before July 29, 2005.

As Alpha's motion reveals, it argues that it had no duty to ensure that Plaintiff timely paid his premium, which was to be billed directly to Plaintiff as the payor, rather than through Alpha. Alpha additionally maintains that, pursuant to Louisiana Revised Statute 9:5606, any claim against it perempted in July 2006, prior to Plaintiff's filing suit on August 28, 2006, because Plaintiff undisputedly received notice of the policy's July 11, 2005 expiration before the end of July 2005.

Plaintiff asserts that he did not receive any billing or expiration notices directly from American Reliable because the address Alpha supplied in the insurance application included an incorrect zip code.[2] Plaintiff further contends that Alpha had assumed a duty to apprise him of premium due dates for his insurance policies so as to avoid loss of coverage, but that Alpha did not send him any such notice until it sent the "Agent's Copy" of the "Expiration Invoice" in mid or late July.[3] Further, argues Plaintiff, Alpha did not notify him, at that time, that payment after July 11, 2005, would reinstate the policy's coverage only *after* the passage of a thirty-day waiting period.[4]

---

[1] For this reason, the Court recently granted summary judgment in favor of American Reliable. *See* March 26, 2008 Minute Entry (Rec. Doc. No. 66).

[2] *See* October 16, 2007 Affidavit of Roger Pequeno, attached as an Exhibit to Plaintiff's Opposition to Motion for Summary Judgment (Rec. Doc. No. 16-3) at ¶¶5-10; *see also* Petition (Rec. Doc. No. 1-3) at ¶¶IX-X.

[3] *See* October 16, 2007 Affidavit of Roger Pequeno, attached as an Exhibit to Plaintiff's Opposition to Motion for Summary Judgment (Rec. Doc. No. 16-3) at ¶¶5-11; March 13, 2008 Affidavit of Roger Pequeno (Rec. Doc. No. 56) at ¶2; *see also* Petition (Rec. Doc. No. 1-3) at ¶¶IX-X

[4] *See* October 16, 2007 Affidavit of Roger Pequeno, attached as an Exhibit to Plaintiff's Opposition to Motion for Summary Judgment (Rec. Doc. No. 16-3) at ¶¶5-12, and 14-15.

Thus, Plaintiff contends that he was unaware that he needed to pay the past due premium immediately so as to start and end the thirty-day waiting period as soon as possible.[5]

For present purposes, the Court *assumes* that Alpha had a duty to timely remind Plaintiff of insurance premiums due and, once payment was not made prior to July 11, 2005, a duty to inform Plaintiff of the thirty-day waiting period for reinstatement of coverage. Even if these duties were owed, however, the Court finds that Plaintiff's suit was not filed timely.

The deadline for filing actions for damages against an insurance agent or broker is established by Louisiana Revised Statute 9:5606. It states:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, *or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.* However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

---

[5] *Id.*

*See* La. R.S. 9:5606 (emphasis added).

As recently noted by the United States Court of Appeals for the Fifth Circuit, the Louisiana Supreme Court has explained the commencement of such time periods as follows:

> A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

*See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 671 (5th Cir. 2007) (quoting *Campo v. Correa*, 828 So. 2d 502, 510-22 (La. 2002)). These principles hold true for both prescriptive and peremptive periods that are triggered by discovery. *See Campbell*, 509 F.3d at 671, n.4.

Applying these principles here, Plaintiff clearly had sufficient notice of Alpha's failure to timely remind him of the policy's due date when, in July 2005, he received the "Agent's Copy" of the June 13, 2005 "Expiration Invoice." Although a closer call, the Court has determined, upon review of all the parties' submissions, that the same is true with respect to Plaintiff's contention that Alpha should have, but did not, inform him of the thirty-day waiting period for reinstatement of coverage. Thus, because Plaintiff did not file suit on these claims until more than a year later, on August 28, 2006, his claims against Alpha are untimely.

With respect to the thirty-day waiting period, the version of the "Agent's Copy" of the June 13, 2005 "Expiration Invoice" that Alpha has provided to the Court bears the language: "SEE REVERSE SIDE OF BILL FOR IMPORTANT MESSAGES" on the front side, and the following language on the reverse side:

6

>(1) A 30 DAY GRACE PERIOD IS AVAILABLE TO ENSURE RENEWAL WITHOUT A LAPSE IN COVERAGE.  PAYMENTS RECEIVED AFTER THE GRACE PERIOD WILL BE RENEWED WITH A LAPSE IN COVERAGE.  COVERAGE WILL BE EFFECTIVE 30 DAYS AFTER RECEIPT OF THE PREMIUM.  IF MORE THAN 90 DAYS HAVE PASSED SINCE EXPIRATION, A NEW APPLICATION MUST BE SUBMITTED.
>
>(2-4)   *   *   *[6]

In response to the Court's Order to supplement his submission (Rec. Doc. No. 52), Plaintiff states that he cannot locate the actual piece of paper that he received in July 2005 from Alpha, and cannot recall if the document was sent to him by mail, hand delivery, or fax.[7]  He also cannot recall with certainty whether the document had the quoted warning on its reverse side.[8]  Nevertheless, even if the "Agent's Copy" of the "Expiration Invoice" that Plaintiff received in July 2005 did not have the quoted warning relative to the thirty-day waiting period on its reverse side, the Court finds that, upon its receipt, Plaintiff had sufficient notice of enough pertinent facts to put him "on guard and call for inquiry" for purposes of Louisiana Revised Statute 9:5606.

As an preliminary matter, Plaintiff admitted to receiving other mailings at the incorrect address shown on his policy application both before and after the submission of his claim, and never sought to correct the erroneous zip code.[9]  Further, as emphasized by Alpha, the

---

[6] *See* Exhibit K to Alpha's Reply Memorandum to Plaintiff's Supplemental Opposition to Motion for Summary Judgment (Rec. Doc. No. 58-6).

[7] *See* March 13, 2008 Affidavit of Roger Pequeno (Rec. Doc. No. 56) at ¶¶ 3-4.

[8] *Id.* at ¶6.

[9] *See* Deposition of Roger Pequeno, Exhibit G to Alpha's Reply Memorandum to Plaintiff's Supplemental Opposition to Motion for Summary Judgment (Rec. Doc. No. 58-2) at pp. 41, 113-114, 137, and 186 (also bearing page numbers 3, 7-9, and 14 of 15); *see also* Deposition of Joann Pequeno, Exhibit H to Alpha's Reply Memorandum to Plaintiff's Supplemental Opposition

declaration page of the policy, which Plaintiff likewise received, sets forth the dates of the policy's term.[10] Thus, it is not as if Plaintiff had never received any notice of the beginning and ending dates of the policy's coverage. Nor is Plaintiff unfamiliar with the workings of flood insurance policies. Rather, Plaintiff undisputedly has had several years of experience dealing with flood policies applicable to his investment/rental properties.[11]

In any event, Plaintiff, in mid or late July 2005, undisputedly received an "*Agent's Copy*"of an "Expiration Invoice" regarding a policy for which he, as the payor, was supposed to directly receive renewal and expiration notices. Thus, he knew or should have known, at that time, that he had not previously received the *Payor's* copy of these notices. Significantly, moreover, the expiration notice was dated June 13, 2005, and reflected an expiration date of June 11, 2005. Thus, Plaintiff did not receive any notice of expiration until at least a *month* following issuance of the document. That alone should have incited inquiry. Additionally, since the notice reflected that expiration had occurred on June 11, 2005, Plaintiff should have at least questioned whether the initial renewal notices were sent by American Reliance in sufficient time for him to have paid the premium prior to the expiration date of the policy.

---

to Motion for Summary Judgment (Rec. Doc. No. 58-3) at pp. 58-59 (also bearing page number 5 of 9).

[10]   *See* Deposition of Roger Pequeno, Exhibit G to Alpha's Reply Memorandum to Plaintiff's Supplemental Opposition to Motion for Summary Judgment (Rec. Doc. No. 58-2) at pp. 41, 137, and 186 (also bearing page numbers 3 and 14 of 15); *see also* Flood Policy Declarations, Exhibit B to Alpha's Motion for Leave and Incorporated Memorandum to Supplement Exhibits to Motion for Summary Judgment (Rec. Doc. No. 30-2).

[11]   *See* Deposition of Roger Pequeno, Exhibit 1 to American Reliable's Motion for Summary Judgment (Rec. Doc. No. 48-5) at pp. 12, 13, and 15 (also bearing page numbers 2, 3, and 6 of 22 ) (cited in Alpha's Reply Memorandum to Plaintiff's Supplemental Opposition to Motion for Summary Judgment (Rec. Doc. No. 58) at p. 13 of 14).

Finally, the front side of the notice received by Plaintiff in July 2005 stated, in large capital letters: "SEE REVERSE SIDE FOR IMPORTANT MESSAGES." Given that the front side of this notice of *expiration*, not *renewal*, did not specifically state a due date for when/if the premium could still be paid without a loss of coverage, and that Plaintiff was informed that certain "important" information was supposed to appear (if it did not) on the back side of the document, Plaintiff should have, at a minimum, contacted Alpha, or even American Reliable, to inquire regarding the final deadline for payment and any loss of coverage. It was not reasonable to simply, as did Plaintiff, mail in a check and, apparently, hope for the best.

Given all of the foregoing circumstances, considered as a whole, a reasonable person could only conclude that, in July 2005, upon his receipt of the "Agent's Copy" of the June 13, 2005 "Expiration Invoice," Plaintiff should have discovered Alpha's breach of its duties, if any, to timely remind Plaintiff when payments were due under his insurance policy *and* to inform Plaintiff of the thirty-day waiting period that applied to reinstatement of his flood insurance when the policy expired for non-payment. Because Plaintiff did not file suit against Alpha until more than a year thereafter, on August 28, 2006, these claims against Alpha are untimely. Accordingly, Alpha is entitled to summary judgment in its favor.

### III.    Conclusion

For the foregoing reasons, the Court finds that Defendant Alpha Insurance Company has borne its burden, pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to demonstrating the legal untimeliness of Plaintiff's claims against it. Accordingly, **IT IS ORDERED**

that Defendant's motion for summary judgment (Rec. Doc. No. 9) is **GRANTED** and that Plaintiff's claims against Alpha are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __1st__ day of April 2008.

                                                              _____
                                                              KURT D. ENGELHARDT
                                                              UNITED STATES DISTRICT JUDGE